UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN K. SOMERS,

    Plaintiff,

    v.                                       Case No. 19-1351-KHV

WEST CENTRAL DISTRIBUTION, LLC,

    Defendant.

## ORDER

Before the court is defendant's motion to compel responses to its first set of interrogatories and requests for production of documents (ECF No. 23). Because defendant filed the motion without first complying with the letter and the spirit of the meet-and-confer requirements of Fed. R. Civ. P. 37 and D. Kan. R. 37.2, the motion is denied.

Fed. R. Civ. P. 37(a)(1) requires motions to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In addition, D. Kan. R. 37.2 states,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure

1

> disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The court takes these conference requirements seriously. The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[1] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere."[2] "In determining whether the movant's efforts to confer were reasonable, the court 'looks at all the surrounding circumstances.'"[3]

Defendant's certification, which is included as part of its motion to compel, indicates that on May 7, 2020, defense counsel e-mailed plaintiff's counsel and asked if she could "please advise on the status of Plaintiff's discovery response."[4] Plaintiff's

---

[1] *Heglet v. City of Hays, Kan.*, No. 13-228, 2014 WL 2865996, at *1 (D. Kan. June 24, 2014); *Activision TV, Inc. v. Carmike Cinemas, Inc.,* No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[2] *Activision TV, Inc.*, 2014 WL 789201, at *2 (quoting *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007)).

[3] *Id.* (quoting *Wilbert v. Promotional Res., Inc*., No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999)).

[4] ECF No. 23-2.

counsel responded by e-mail the same day, stating "I should have the discovery responses to you on Monday [May 11, 2020] along with my discovery requests."[5] Without any further communication between the parties, defendant filed its motion to compel on May 28, 2020.

It is undisputed that plaintiff did not provide his discovery responses or seek an extension of time from defendant to so do (beyond May 11, 2020) before defendant filed its motion to compel. But considering the surrounding circumstances, the court does not find defense counsel's attempt to confer reasonable. First, defense counsel only reached out a single time to inquire of the "status" of the responses. Cases in our district have consistently held that a single exchange of letters does not satisfy the requirement of D. Kan. Rule 37.2.[6] Second, defense counsel's single e-mail simply asked for a status update; it made no reference to seeking relief from the court if responses were not received by a date certain. "Courts in this district have held that a reasonable attempt to confer should

---

[5] *Id.*

[6] *See, e.g.*, *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 653 (D. Kan. 2009) (holding an exchange of views by letter, with no telephone follow-up, "fell short" of the conference requirements); *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007) ("A single e-mail and a single response by e-mail hardly meets the requirement to 'in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.'"); *Simmons Foods, Inc. v. Jeffrey L. Willis*, No. 97-4192, 2000 WL 204270, at *1 (D. Kan. Feb. 8, 2000) ("A single letter between counsel which addresses the discovery dispute does not satisfy the duty to confer."); *Fireworks Spectacular, Inc. v. Premier Pyrotechnics, Inc.*, No. 99-2240, 1999 WL 1201706, at *2 (D. Kan. Dec. 8, 1999) (holding insufficient letter from counsel stating he would file a motion to compel within five business days if discovery responses were not served).

include a clear statement that the party seeking discovery plans to resort to court intervention if the parties cannot reach an agreement."[7]  Third, defense counsel had informed plaintiff's counsel on April 1, 2020, that due to "the disruption the Coronavirus has caused to our respective practices," defendant would consider requests for "additional time to respond to discovery."[8]  Thus, "based on plaintiff['s] counsel's notice that [s]he did plan to respond, it was not unreasonable for plaintiff['s] counsel to expect defense counsel to await plaintiff['s] response before filing a motion to compel."[9]  At the very least, defense counsel could have been reasonably expected to follow up with plaintiff's counsel before filing the motion.

It is clear that defendant failed to satisfy both the letter and spirit of the conference requirements.  The court therefore denies defendant's motion to compel.  Plaintiff reports

---

[7] *Activision TV, Inc.,* 2014 WL 789201 at *3; *see also Augustine v. Adams*, No. 95-2489, 1997 WL 260016, at *2 (D. Kan. May 8, 1997) ("When opposing counsel is unavailable or refuses to cooperate with attempts to confer, a reasonable effort should at a minimum include a clear statement that the party seeking discovery intends to resort to the court for resolution of the dispute, if there is no amicable resolution."); *cf. Almond v. Unified Sch. Dist. #501*, No. 07-4064, 2008 WL 1773863, at *2 (D. Kan. Apr. 16, 2008) (finding adequate conference where moving party contacted nonmoving party numerous times and forewarned that motion would be filed if discovery was not provided by a set date).

[8] ECF No. 23-1.

[9] *Green v. Harbor Freight Tools USA, Inc*., No. 09-2380-JAR, 2010 WL 11435113, *3 (D. Kan. June 18, 2010) (citing *McBride v. Medicalodges, Inc.,* Nos. 06-2535, 06-2536, 2008 WL 695812, at *1 (D. Kan. Mar. 13, 2008)); *see also Ace USA v. Union Pacific R. Co.*, No. 09-2194, 2010 WL 4629920, at *3 (D. Kan. Nov. 8, 2010) (finding efforts to confer insufficient where, after respondent agreed to work on resolving the issue, movant attempted no follow-up communication before filing motion to compel).

he has now responded to defendant's discovery requests and asserted only two objections. If the parties are unable to resolve their dispute on the two outstanding discovery requests after a meaningful "meet and confer" session, defendant is granted leave to file a new motion to compel by **July 3, 2020**.

IT IS SO ORDERED.

Dated June 15, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

5